UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GOES INTERNATIONAL, AB, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> DODUR LTD. et al., <br><br> Defendants. | No. 14-CV-5666 LB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS LI ZHE AND ZHOU MING BY EMAIL** <br><br> [Re ECF No. 11] |

**INTRODUCTION**

On December 30, 2014, Plaintiff Goes International, AB ("Goes Intl.") filed a complaint against Defendants Dodur Ltd., a Chinese game development company, and its former employees Li Zhe and Zhou Ming for copyright infringement under 17 U.S.C. §§ 106 *et seq* and 501. (Complaint, ECF No. 1[1].) Plaintiff now moves for leave to serve Defendants Li Zhe and Zhou Ming by email. (Motion, ECF No. 11.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the May 7, 2015 hearing date. Upon consideration of Goes Intl.'s motion, the declarations and evidence filed in support of it, and

---
[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C-12-01317-LB
ORDER

the applicable authority, the court **GRANTS** the motion and allows Goes Intl. to serve Li Zhe and Zhou Ming by email.

## STATEMENT

### I. GOES INTL.'S ALLEGATIONS

Plaintiff Goes Intl. is a Swedish company and designer of the video game Bubble Bust!, for which it holds two copyrights. (Complaint, ECF No. 1 ¶¶ 1, 2, 5, 7, 8.) Bubble Bust! has been distributed in the United States through Google Play and the Apple App Store since at least January, 2011. (*Id.* ¶¶ 2, 9.) In January, 2012, Puzzle Bubble Free! was made available via multiple websites including the Apple App Store, which listed the game's developer as Defendant Dodur Ltd. (*Id.* ¶ 11.) In March, 2012, another game, Puzzle Bubble Sea, was also made available via the multiple websites, again including the Apple App Store. (*Id.* ¶ 12.) The App Store listed Defendant Li Zhe as the game's developer, though this listing was later changed to identify Defendant Zhou Ming as the developer. (*Id.* ¶ 12.)

Goes Intl. contends that both games are copied almost entirely from its own copyrighted Bubble Bust! (*Id.* ¶¶ 11, 12.) Goes Intl. asserts that it was able to have the allegedly infringing games removed from the Apple App Store, but that the games remain available on other sites. (*Id.* ¶ 18.) Goes Intl. further asserts that by publishing and selling these games, Defendants have "engaged in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage," and that "have reaped millions of dollars in profits" through its infringement of Goes Intl.'s copyright. (*Id.* ¶ 16, 17, 20.)

### II. PROCEDURAL HISTORY

On December 30, 2014, Goes Intl. filed a complaint against Dodur Litd., Li Zhe, and Zhou Ming for copyright infringement. (*See Id.*) Goes Intl. had the Summons, Complaint, and Order of the Court translated into Mandarin Chinese and, on January 21, 2015, sent these documents to the contact information it had for each Defendant. (Motion, ECF No. 11 at 3.) Goes Intl. therein asked that Defendants agree to accept service via mail or email. (*Id.* at 4.) Defendant Li Zhe responded by email and stated that he had quit from Dodur as of 2013, but did not mention

14-CV-1821 LB
ORDER 2

1 anything about any potential acceptance of service. (*Id.*)

2 On February 10, 2015, Goes Intl. again asked that Defendants accept service via email. (*Id.*)
3 Li Zhe responded by email that Defendants would only accept service by mail, pursuant to the
4 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
5 Commercial Matters ("Hague Convention"). (*Id.*) On February 27, 2015, Goes Intl. asked that
6 the defendants provide their physical addresses for service. (*Id.*) Li Zhe responded by email, but
7 did not provide his physical address. (*Id.*) On March 9, 2015, Goes Intl. again asked that
8 Defendants provide their physical addresses. (*Id.*) Li Zhe again responded by email, but again did
9 not provide his physical address. (*Id.*)

10 On March 19, 2015, and again on March 27, 2015, counsel for Goes Intl. spoke to the COO of
11 Dodur, who explained that Li Zhe and Zhou Ming no longer work for Dodur. (*Id.*) The Dodur
12 COO also stated that he did not have the physical addresses for Li Zhe or Zhou Ming, but he did
13 provide an email address for Zhou Ming. (*Id.* at 5.)

## ANALYSIS

### I. LEGAL STANDARD

In its motion, Goes Intl. asks the court to permit it to serve Li Zhe and Zhou Ming, who appear to be located in China, by e-mail. Federal Rule of Civil Procedure 4(f) authorizes service of process on an individual in a foreign country in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>   (C) unless prohibited by the foreign country's law, by:
>
>     (i) delivering a copy of the summons and of the complaint to the individual personally; or

14-CV-1821 LB
ORDER                                                                                           3

      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

  (3) by other means not prohibited by international agreement, as the court orders.

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming propriety of service of process by e-mail). While Rule 4(f)(3) gives the court discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)).

  Thus, for plaintiffs to establish that service of process by email is appropriate, they must show that (1) international agreement does not prohibit service by email; and (2) service by email is reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015); *ADT Sec. Services, Inc. v. Security One Intern., Inc.*, No. 11 CV 05149 YGR, 2012 WL 3580670, at *3 (N.D. Cal. 2012); *Facebook, Inc. v. Banana Ads*, LLC, No. C 11 3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. 2012); *In re LDK Solar Securities Litigation*, No. C 07 05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. 2008).

**II. APPLICATION**

  Regarding the requirement that service by email not be prohibited by international agreement, Li Zhe and Zhou Ming appear to be located in China, which is a party to the Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Nonetheless, because their physical addresses are unknown, the Hague Convention does not apply. Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163; *see also Liberty Media Holdings, LLC. v. Sheng Gan*, No. 11 CV 02754 MSK KMT, 2012 WL 122862, at *3 (D. Colo. 2012) (holding that the Hague Convention does not apply to defendant

who lived in China and whose address was unknown); *United States v. Distribuidora Batiz CGH*, S.A. De C.V., No. 07cv370–WQH–JMA, 2011 WL 1561086, at *5 (S.D. Cal. 2011). Given the inapplicability of the Hague Convention, the court is unaware of any international agreement that would prohibit Goes Intl. from serving Li Zhe and Zhou Ming via email.

As for the due process requirement, service by is reasonably calculated to provide actual notice to the Defendants. Goes Intl. has had frequent correspondence with Li Zhe through the dev.deer@gmail.com and livhe_julien@hotmail.com email addresses. It is thus reasonably likely that service via these email addresses will provide Li Zhe with notice of this action and an opportunity to present any objections to the court.

This issue is more difficult with regards to Zhou Ming, however, who has not responded to any emails sent to the email address (19889676@qq.com) provided by Dodur Ltd., his former employer. Initially, the court notes that Goes Intl. sent test emails to this address and did not receive any notification that the emails were not delivered. (Motion, ECF No. 11 at 6.); *see also D.Light Design, Inc.*, 2015 WL 526835, at *3 (finding service by email appropriate in part because "Plaintiffs' email . . . was delivered successfully and did not bounce back as undeliverable."). This provides at least some minimal assurance that the email address is legitimate. Additionally, the court is uncertain what more Goes Intl. could do to provide him notice of these proceedings. Given the circumstances, service by email to the address provided by a former employer is reasonably calculated to provide the requisite notice.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Goes Intl.'s motion.

This disposes of ECF No. 11.

**IT IS SO ORDERED**.

Dated: April 16, 2015

_____
LAUREL BEELER
United States Magistrate Judge