UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GOES INTERNATIONAL, AB,<br><br>   Plaintiff,<br><br>   v.<br><br>DODUR LTD., et al.,<br><br>   Defendants. | Case No. 14-cv-05666-LB<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Re: ECF No. 104 |

## INTRODUCTION

This is a copyright-infringement suit.[1] Before the court is plaintiff Goes International, AB's motion to compel the defendant, Dodur, Ltd., a Chinese software developer, to testify at a deposition in San Francisco, and to produce documents in connection with that deposition.[2] The court has already ordered Dodur to produce the documents in question.[3] Dodur has not responded to Goes' motion. Both parties have consented to magistrate jurisdiction.[4] The court held a hearing on this motion on January 12, 2017. It now grants Goes' motion to compel. The court orders

---

[1] *See generally* (1st Am. Compl. – ECF No. 1). Record citations refer to material contained in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion – ECF No. 104.

[3] ECF No. 84.

[4] ECF Nos. 8, 22; *see* 28 U.S.C. § 636(c).

ORDER — No. 14-cv-05666-LB

Dodur: 1) to name and send a Rule 30(b)(6) corporate representative to be deposed on February 20, 2017 in San Francisco in accordance with Goes' deposition notice; 2) to produce the requested documents by February 6, 2017; and 3) to name a new counsel to represent it in this case by February 6, 2017.

## PROCEDURAL HISTORY

The following events seem the most relevant to this discussion.[5] Dodur participated actively in the earlier stages of this case. It answered the complaint.[6] It moved to dismiss this suit for lack of personal jurisdiction.[7] It opposed Goes' motion to compel the production of documents related to damages.[8] (The court granted that motion — but set no deadline for the production.[9]) Its lawyers then moved to withdraw, citing Dodur's non-payment of fees.[10] On February 22, 2016, the court granted that motion; the court allowed Dodur's lawyers to withdraw, but ordered them to "continue to serve on Dodur all papers from the plaintiff and the court until Dodur files a substitution of counsel."[11] Dodur has not yet named a new lawyer. Nor has it produced any documents.[12]

The plaintiff now moves the court to do two things. First, to order that Dodur — which, again, is a Chinese corporation — produce a Rule 30(b)(6) corporate representative for deposition in San Francisco on February 20, 2017.[13] Second, to order that Dodur produce, by February 6, 2017, "all

---

[5] Fuller descriptions of this case appear in the court's previous orders: one on the defendants' motion to dismiss (ECF No. 51 at 1–9) and one on the plaintiff's earlier motion to compel (ECF No. 84 at 1–3).

[6] ECF No. 52.

[7] ECF Nos. 34, 39. The court denied Dodur's jurisdictional motion but granted that of its two former co-defendants. (ECF No. 51.) Which is to say, the court held that it could exercise personal jurisdiction over Dodur. (*Id.*)

[8] *See* ECF Nos. 69, 74–76, 82.

[9] ECF No. 84.

[10] ECF No. 85.

[11] ECF No. 89 at 3.

[12] Lesowitz Decl. – ECF No. 104-1 at 2 (¶ 3).

[13] *See* Mot. – ECF No. 104 at 2.

ORDER — No. 14-cv-05666-LB                 2

documents that it is required to produce"; this includes the damages-related material that the court earlier ordered Dodur to provide to Goes.[14] Perhaps more exactly, Goes asks that Dodur be made to produce "all documents that it previously agreed to produce and that the Court found that Dodur must produce."[15] And it asks that all such material be produced "no later than two weeks" before the deposition.[16]

By declaration, Goes states that it attached a notice of deposition to a letter (in both English and Mandarin Chinese) that it emailed on December 1, 2016 to Dodur's CEO.[17] Goes has not provided the court with the actual deposition notice. Its cover letter to Dodur, however, states the basic point of the deposition (to produce a corporate representative to testify), and names the city and proposed date for the deposition (while leaving open the chance that the parties might agree to another "mutually convenient time").[18] The letter reminded Dodur of the court's document-production order, as well, and asked Dodur to produce those documents two weeks before any deposition of a Dodur representative.[19] Finally, Goes warned Dodur that if it did not agree to the deposition by December 7, 2016, Goes would move to compel the deposition and related production.[20]

## ANALYSIS

**1. The Motion to Compel**

Goes' motion is well grounded in all respects. The plaintiff correctly argues that this court can compel a foreign-national defendant, like Dodur, over whom it has personal jurisdiction, to attend a deposition in the United States. Strictly speaking, the deposition notice itself suffices to compel

---

[14] *Id.* at 6–7.

[15] *Id.* at 6.

[16] *Id.*

[17] Lesowitz Decl. – ECF No. 104-1 at 2 (¶ 2), 4–7 (letters). The letter's recipient is a Mr. Wang Li Ming, whom Dodur's former lawyers described as Dodur's "CEO." *See* (Kao Decl. – ECF No. 85-1 at 2 [¶ 4]).

[18] *Id.* at 4.

[19] *Id.* at 5.

[20] *Id.* at 4–5.

such a deposition. *See, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) ("[T]here was no abuse of discretion in ordering the depositions [of Hong Kong corporations] to occur in San Francisco."); *Roberts v. Heim*, 130 F.R.D. 430, 437, 438–39 (N.D. Cal. 1990) (ordering Swiss litigant to appear for deposition in San Francisco); *Société Nationale Industrielle Aérospatiale v. United States Dist. Ct.*, 482 U.S. 522, 533–46 (1987) (federal procedural rules and Hague Convention are alternate means of obtaining discovery from foreign-national litigants); W. Schwarzer *et al.*, *Cal. Practice Guide: Federal Civil Procedure Before Trial* ¶¶ 11:1281 (2016) ("Foreign nationals . . . who are parties to an action are subject to the court's personal jurisdiction and may be deposed wherever the court directs.") (citing *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68–69 (D. Mass. 1987) (notice itself effective)). And, again, the court has already ordered Dodur to produce the documents that Goes seeks in connection with the deposition.[21]

## 2. Order to Show Cause — Dodur Must Name New Counsel

A corporation — indeed, any business entity — can appear in federal court only through an attorney. *Pro se* corporate representation is not allowed. *E.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); N.D. Cal. Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

This court granted Dodur's former lawyers' motion to withdraw on February 22, 2016.[22] Counsel had informed Dodur of its intent to withdraw and, apparently in view of the company's inability to pay its lawyers, Dodur "consented to the withdrawal."[23] The lawyers nonetheless filed one last case-management statement, and appeared at a case-management conference, on Dodur's behalf.[24] The court ordered Dodur's former attorneys to continue serving Dodur with filings in this

---

[21] ECF No. 84.

[22] ECF No. 89.

[23] Kao Decl. – ECF No. 85-1 at 2 (¶¶ 3–4).

[24] ECF Nos. 93, 95.

ORDER — No. 14-cv-05666-LB                4

suit until Dodur filed a substitution of counsel.[25] The latter directive of course should have entailed sending Dodur a copy of the withdrawal order.

That was almost a year ago. Dodur has not yet filed a substitution of counsel. Nor has it otherwise indicated to the court — or, for all that the record shows, to the plaintiff — what it intends to do in this respect. A corporate defendant who fails to substitute counsel after one has withdrawn will eventually find itself subject to default judgment. *See, e.g., Solaria Corp. v. T.S. Energie e Risorse, S.R.I.,* 2014 WL 7205114, *1–2, *4 (N.D. Cal. Dec. 17, 2014) (Conti, J.) (granting Rule 55 default judgment against corporate defendant who failed to substitute counsel for four-and-a-half months after previous lawyers withdrew); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128–33 (2nd Cir. 2011) (affirming default judgment against LLC that "withdrew its counsel without retaining a substitute"); *cf., e.g., Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (affirming default judgment on counterclaims where plaintiff did not attend pretrial conferences and "fail[ed] to attend" the first day of trial).[26]

\* \* \*

## CONCLUSION

For these reasons, the court grants Goes' motion to compel. The court orders Dodur to do the following:

1. Name a Rule 30(b)(6) corporate representative and make that person available to testify at a deposition in San Francisco on February 20, 2016, in compliance with Goes' deposition notice.

2. Produce all appropriate documents — those that it agreed to produce, those that the court ordered it to produce in February 2016, and any others that respond to Goes' requests (and that are otherwise discoverable) — and to ensure that Goes receives this material by February 6, 2016.

3. File a substitution of counsel in this lawsuit by February 6, 2016.

In case it proves procedurally necessary to some later act of enforcement, the court alternately couches the last item — compelling Dodur to name new counsel — as an order to show cause why

---

[25] ECF No. at 89 at 3.

[26] In *Solaria, supra,* Judge Conti originally gave the corporate defendant 30 days in which to find and name new counsel. *Solaria Corporation,* 2014 WL 7205114 at *1.

ORDER — No. 14-cv-05666-LB            5

it has not yet substituted in a new attorney to represent it in this lawsuit. The court directs Goes to serve Dodur with a copy of this order.

This disposes of ECF No. 104.

**IT IS SO ORDERED.**

Dated: January 12, 2017

_____
LAUREL BEELER
United States Magistrate Judge