UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GOES INTERNATIONAL, AB, a corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DODUR LTD. (天津市多德科技有限公司), a business entity;<br>ZHOU MING (周明), an individual;<br>LI ZHE (喆李), an individual;<br>JOHN DOES 1-10,<br><br>    Defendants. | Case No. 3:14-cv-05666-LB<br><br>**ORDER STRIKING ANSWER AND IMPOSING SANCTIONS**<br><br>[Re: ECF No. 121] |

## INTRODUCTION

Plaintiff Goes International moves to strike Defendant Dodur's answer, enter terminating sanctions, and impose monetary sanctions of $7,245 for discovery violations. (Motion – ECF No. 121.[1]) The court grants the motion.

## STATEMENT

Goes International is a Swedish company that sells a bubble-shooting video game called *Bubble Bust!* (First Amended Complaint – ECF No. 27 at 2, 5–8, 29.) It sued Dodur Ltd. and its

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

shareholders/game developers for copyright infringement, claiming that they copied *Bubble Bust!* and marketed infringing games called *Puzzle Bubble Free!* and *Puzzle Bubble Sea!* (*Id.* ¶¶ 1, 3, 12–15.) The defendants moved to dismiss for lack of personal jurisdiction; the court granted the motion in part, dismissing the individual defendants but finding personal jurisdiction against Dodur based on its distribution of games in the U.S., resulting in revenues generated from U.S. players, including from ads targeted to that U.S. audience. (Order – ECF No. 51 at 19.)

Thereafter, and following the court's order granting Goes' motion to compel Dodur to produce discovery about damages, Dodur's attorney withdrew from the case. (Orders – ECF Nos. 84, 89.) On January 12, 2017, following Goes' motion, the court again ordered Dodur to produce discovery and name a Rule 30(b)(6) deponent; it also directed Dodur to name new counsel by February 6, 2017. (Motion – ECF No. 104; Order – ECF No. 109.) The court ordered Dodur to appear at a hearing on February 16, 2017, to show cause why it had not yet substituted in a new attorney to represent it. (*Id.*; Clerk's Notice – ECF No. 110.) Goes thereafter filed proof of service in English and Chinese. (Proof of Service and Update – ECF No. 113.)

Dodur did not appear at the hearing on February 16, 2017. (*See* Minute Entry – ECF No. 114.) Given the lack of appearance, the court allowed Goes to cancel its deposition of Dodur, apparently set in New York. (*Id.*) Dodur has a parent company in New York called Qihoo 360. (Supplemental Statement – ECF No. 105.)

The court then set a further hearing for March 9, 2017, at 9:30 a.m. and directed Dodur to show cause at the hearing why it had not named new counsel or produced the discovery that the court ordered. (Order – ECF No. 116.) The court warned that if it did not do so, it risked Goes' moving to strike its answer and then moving for default judgment against it. (*Id.*) Dodur did not appear at the hearing. (Minute Order – ECF No. 119.) Goes then filed its motion to strike the answer and for terminating sanctions. (Motion – ECF No. 121.)

# ANALYSIS

## 1. Legal Standard

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Mgmt. Co. Secs. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (internal quotation marks and citation omitted)). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

### 1.1 Terminating Sanctions

#### 1.1.1 Dismissal Under Rule 37(b) and (d)

"Under our precedents, in order for a court to dismiss a case as a sanction [under Rule 37(b)], the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (applying Rule 37(b) standard in a Rule 41(b) case) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))). "We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal.'" *Id.* (quoting *Hernandez*, 138 F.3d at 399) (quoting in turn *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these

factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (internal citation omitted.)

Federal Rule of Civil Procedure 37(d) provides that, on motion, a court may order sanctions if a party: fails (i) to appear for that party's deposition after being served with proper notice; or (ii) to serve its answers, objections, or written response after being properly served with interrogatories or a request for inspection. By reference to Federal Rule of Civil Procedure 37(b), the sanctions available under Rule 37(d) include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; or (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi). In addition, under Rule 37(d), a motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Fed. R. Civ. P. 37(d)(1)(B).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (setting forth five-factor test of *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987))). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party

about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[2]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." " *Connecticut General*, 482 F.3d at 1096 (citing *Jorgensen*, 320 F.3d at 912).

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See in re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation omitted). For example, failure to produce documents as ordered is by itself prejudice enough to authorize terminating sanctions. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone*, 833 F.2d at 132–33). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133).

---

[2] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

ORDER — No. 14-cv-05666-LB          5

### 1.1.2 Courts' inherent authority

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). Although the caselaw is somewhat equivocal about the state of mind required to impose sanctions under the court's inherent power, *see United Med. Supply Co. v. U.S.*, 77 Fed. Cl. 257, 266–67 (2007), the Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

### 1.2 Monetary Sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)).

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional

factors that may bear upon reasonableness. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

**2. Discussion**

As the Statement describes, and as the docket reflects, Dodur has not participated in the litigation. The court warned it repeatedly about sanctions, including terminating sanctions. Goes' submissions support the lodestar amount that it seeks as sanctions. The court awards $7,245 in fees for discovery abuses.

The court also finds that Goes meets its heavy burden to establish the appropriateness of terminating sanctions. The undersigned warned Dodur repeatedly about the consequences of not participating in the litigation, set forth the chronology of its behavior and refusal to participate in the litigation, and gave it repeated opportunities to become active in this lawsuit.

Where a defendant is held in contempt of court or engages in "abusive litigation practices," a district court has the power to strike the answer and enter a default judgment against the defendant. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916–17 (9th Cir. 1987). The court strikes the answer based on Dodur's failure to participate in its litigation.

The court also grants Goes' motion for entry of default. *See* Fed. R. Civ. P. 55(a).

## CONCLUSION

The court grants Goes' motion, awards $7,245 against Dodur for discovery abuses, grants Goes' motion for entry of default, and directs the Clerk to enter default against Dodur.

**IT IS SO ORDERED.**

Dated: June 8, 2017

_____
LAUREL BEELER
United States Magistrate Judge